## BEAN *vs.* STURTEVANT and a.

Where the owners of a stage coach employ a driver under a contract that he shall receive a certain sum of money per month, and the compensation which shall be paid for the carriage of small parcels, the owners are answerable for the negligence of the driver in not delivering a parcel of that description, entrusted to him to carry, unless this arrangement is known to the proprietor of the goods, so that he contracts with the driver as principal.

ASSUMPSIT. The cause was tried in the common pleas, upon the general issue, and a verdict taken by consent for the plaintiff, subject to the opinion of this court upon the following case.

The defendants were the proprietors of a stage coach, running from Conway to Concord; and the plaintiff, about the first of May, 1831, delivered to Perkins Drake, a driver employed by them, forty-two dollars in bank bills, to be carried to Meredith, and at the same time paid him twelve and a half cents for carrying the same. The bills were in a wrapper not sealed, directed to Stephen C. Lyford, Mere-

dith, N. H., and the figures $42 thereon. It was admitted that said sum had never been received by said Lyford.

It appeared that Drake received for his services as driver twelve dollars per month, and the perquisites, so called, being the pay for all the packages and papers which he could carry in his pockets and hat, which were estimated to be worth from two to five dollars per month.

Drake delivered the package to one Bickford, another driver on the same line, in the employ of the defendants, who opened it, looked at the contents, and started on his route, but never delivered it.

*Lyford*, for the plaintiff, contended that the defendants were to be deemed common carriers, and responsible as such, not only for their own acts, but for those of their servants and persons in their employment. *Story on Bailments*, 322, 325, 327, 338, *and cases there cited.*

A suit for negligence will not lie against the servants. 2 *Stark. Ev.* 332 ; 2 *Stark. Rep.* 82, *Williams* vs. *Cranston.*

*Bartlett*, for the defendants.

Parker, J. As a general rule, if the proprietors of a stage coach for passengers carry goods also for hire, they are in respect to such goods to be deemed common carriers. *Story on Bailments*, 325. This rule, however, cannot be applied, with justice, where a large sum of money is committed to them for transportation, and the compensation paid is such as is usually received for a trifling errand. 7 *N. H. Rep.* 164, *Shelden* vs. *Robinson.* But it is not necessary to consider this matter farther here. If these defendants are to be considered as mere bailees to carry for hire, and responsible for ordinary negligence only, they are answerable for the diligence and fidelity of those acting in their employ, and the result must be the same as if they were common carriers. If they were the bailees, so that

any responsibility rested upon them, as the money was never delivered the duty imposed by the bailment has not been discharged ; and it is not pretended that the case furnishes any legal ground of excuse. The question then is, whether the defendants can be held chargeable with the custody of the money, or whether the drivers alone are to be considered as the bailees.

In *Allen* vs. *Sewall*, 2 *Wend. Rep.* 327, the supreme court of New-York held that " an arrangement between ' the owners of steam-boats and their captains, allowing the ' avails of carrying bank bills as a privilege to the latter, ' does not discharge the owners, unless the shipper contracts ' with the captain himself, knowing that he receives the ' goods on his own account, as part of his privilege, and not ' in his character of agent for the owners." *Vide, also,* *Story on Bailments* 327 ; 1 *Pick.* 51, *Dwight* vs. *Brewster*.* The owners of the steam-boat were held in that case to be common carriers ; but whether common carriers or bailees to carry for hire, the same principle must govern in this respect.

In the present case, reference was had, in the original contract between the defendants and Drake, to the amount of compensation which the latter would probably receive for carrying small packages, and that formed a part of the consideration for which he was to serve in the employ of the defendants. It may well admit of doubt whether, under these circumstances, the defendants were not chargeable with the custody of whatever was committed to Drake to carry, even by a party who had knowledge of the agreement, unless such party made a contract with Drake as principal. Probably Bickford was employed under a contract similar to that made with Drake, although this does not distinctly appear. But, whatever might have been his contract, there is nothing in the case to show that the plaintiff had any knowledge that the compensation for carrying this

---

*14 *Pick.* 289, *Cobb* vs. *Abbot.*

package of money was not to be accounted for to the defendants, in the same manner as the fare of passengers, or the sums received for conveyance of goods of greater bulk.

The sum paid may be regarded as part of the wages given by the defendants to the drivers for their services; but if it were not so, as the authority of the drivers to appropriate it to their own use was from an arrangement between them and the defendants, of which the plaintiff does not appear to have had knowledge, the defendants are chargeable with the custody of the money through their servants, and must be responsible for its loss.

*Judgment for the plaintiff.*